IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


SCOTT W. WALTHER, )
)
Plaintiff, )
)
vs. )
)
UNITED STATES OF AMERICA, et al., )
) No. 3:15-cv-0032-HRH
Defendants. )
_____ )


O R D E R

Motion to Dismiss Second Amended Complaint[1]

Defendant United States of America, on behalf of the U.S. Army Corps of Engineers, moves to dismiss plaintiff's second amended complaint. This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiff is Scott W. Walther. Defendants are the United States of America and Christopher D. Lestochi, Colonel, District Commander, U.S. Army Corps of Engineers, Alaska District.

"Under the [Clean Water Act (CWA)], 'any discharge of dredged or fill materials into ... waters of the United States [] is forbidden unless authorized by a permit issued by

---

[1]Docket No. 15.

[2]Docket No. 17.

the Corps of Engineers pursuant to' Section 404 of the CWA[.]" <u>Fairbanks N. Star</u>

<u>Borough v. U.S. Army Corps of Engineers</u>, 543 F.3d 586, 589 (9th Cir. 2008) (quoting

<u>Leslie Salt Co. v. United States</u>, 55 F.3d 1388, 1391 (9th Cir. 1995)).  "In issuing § 404

permits, the Corps must comply with the § 404(b)(1) Guidelines..., which are

promulgated by the EPA pursuant to 33 U.S.C. § 1344(b)(1), and incorporated by the

Corps into its own regulations."  <u>Kentuckians for Commonwealth v. U.S. Army Corps of</u>

<u>Engineers</u>, 963 F. Supp. 2d 670, 676 (W.D. Ky. 2013).  "Under the Corps' CWA

Guidelines, a § 404 permit cannot issue 'unless appropriate and practicable steps have

been taken which will minimize potential adverse impacts of the discharge [of fill

material] on the aquatic ecosystem.'"  <u>Ohio Valley Environmental Coalition v. Aracoma</u>

<u>Coal Co.</u>, 556 F.3d 177, 202 (4th Cir. 2009) (quoting 40 C.F.R. § 230.10(d)).  The EPA

and Corps have made "'no overall net loss' the goal of the § 404 regulatory program and

agree that mitigation has three components:  avoidance, minimization, and compensatory

mitigation."  <u>Id.</u> (citation and footnote omitted).  "Avoidance is defined as the selection of

the least environmentally damaging practical alternative."  <u>Id.</u>  "Minimization is achieved

through practicable project modifications and permit conditions that minimize adverse

impacts."  <u>Id.</u>  "Finally, compensatory mitigation is used where appropriate to compensate

for unavoidable adverse impacts after all avoidance and minimization measures have

been taken."  <u>Id.</u>

"On March 31, 2008, the EPA and the Corps issued revised regulations governing

compensatory mitigation for authorized impacts to wetlands, streams, and other waters of

the United States under CWA Section 404...."  <u>Kentuckians for Commonwealth</u>,

963 F. Supp. 2d at 676.  The parties refer to these regulations as the "Final Rule."

Compensatory mitigation can be accomplished in one of three ways: (1) mitigation banks, (2) in-lieu fee programs, or (3) permittee-responsible mitigation, with the use of mitigation banks being the preferred method.  Id. § 332.3(b).   A mitigation bank is a wetland, stream, or other aquatic resource area that has been restored, established, enhanced, or, in certain circumstances, preserved.  Id. § 332.2.  Units of the restored, established, enhanced, or preserved resources may be purchased as "credits" by permittees from the banks to meet their requirements for compensatory mitigation.  See id.  An in-lieu fee program is administered by public agencies or non-profit organizations who have established an agreement with the Corps to use in-lieu fee payments collected from permittees to conduct wetland, stream, or other aquatic resource restoration, establishment, enhancement, or preservation activities.  See 33 C.F.R. § 332.2.

Plaintiff alleges in his second amended complaint that he purchased land in the Matanuska-Susitna Borough, and that the Corps persuaded him to abandon plans for development of this land in favor of subjecting the land to perpetual conservation easements and contributing the land to a mitigation bank pursuant to the Final Rule. Plaintiff alleges that he formed and became the owner of a limited liability company, Pioneer Reserve, LLC, that Pioneer entered into a contract which created a wetland mitigation bank, and that the land was conveyed to Pioneer subject to perpetual conservation easements.[3]  After plaintiff encumbered his land with conservation easements, Pioneer was awarded wetland mitigation credits that might be sold to CWA § 404 permittees in order to satisfy their compensatory mitigation needs.[4]

---

[3]Second Amended Complaint at 5-6, Docket No.  13.

[4]Id.

In his second amended complaint, plaintiff challenges the Army Corps of Engineers' administration of a 2013 in-lieu fee compensation mitigation program instrument ("ILF instrument") with respect to the in-lieu fee program of The Conservation Fund ("TCF"). In 2013, TCF and the Corps executed an ILF instrument, superseding a 1998 agreement. At the time the 2013 agreement was entered into, TCF held approximately $10.7 million of unexpended mitigation funds. Plaintiff alleges that TCF has not distributed any of those unexpended funds to provide compensatory mitigation.

On February 27, 2015, plaintiff's original complaint[5] was filed with this court. An amended complaint was filed May 15, 2015,[6] and a second amended complaint was filed May 19, 2015.[7] Each of plaintiff's three complaints asserts a claim under the "citizen suit" provision of § 505(a)(2) of the CWA. 33 U.S.C. § 1365(a)(2).[8] The first and second amended complaints added a second claim pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, et seq.[9] By his APA claim, plaintiff contends that he has no remedy available at law based upon an underlying contention that he has suffered and will continue to suffer a legal wrong as a result of the Corps' failure to comply with provisions of the CWA and the Final Rule. Plaintiff seeks relief in the form of an injunction, prohibiting defendants from authorizing or directing the TCF from disbursing any portion of its unexpended funds in a manner violative of the Final Rule or from removing

---

[5]Docket No. 1.

[6]Docket No. 11.

[7]Docket No. 13.

[8]See id. at 2.

[9]See id.

unexpended funds subject to the 2013 ILF instrument.  Plaintiff would have the court order defendants to direct TCF  to disburse unexpended funds for the purchase of available mitigation bank credits in compliance with the Final Rule.[10]

Discussion

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, defendants move to dismiss plaintiff's second amended complaint for lack of subject matter jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Here, defendants are making a facial attack. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):  Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

Defendants argue that the court lacks subject matter jurisdiction as to plaintiff's citizen suit because the United States has not waived its sovereign immunity.  The court recently addressed this identical issue in Walther v.  United States, Case No. 3:15-cv-0021-HRH.  There, the court held that:  "[b]ecause Section 505(a)(2) does not waive immunity for suits against the Corps, the court lacks subject matter jurisdiction

---

[10]The mitigation bank which plaintiff created (Pioneer Reserve, LLC) and the TCF are two of the vehicles by which compensatory mitigation required of § 404 permit holders may be accomplished.  It is a mystery to the court why the Corps would or should consider authorizing one compensatory mitigation operator to acquire mitigation credits from another compensatory mitigation operator.  Mitigation credits are available for those required to accomplish mitigation.  Having one compensatory mitigation operator acquire mitigation credits from another similar operator defeats the purpose of the Final Rule.

over plaintiff's CWA claim...."[11]  That holding applies with equal force here.  Thus, plaintiff's CWA claim is dismissed with prejudice.

Defendants move to dismiss the plaintiff's APA claim on the ground that plaintiff's second amended complaint fails to challenge any final agency action under the APA.  The APA provides for judicial review of "final agency action."  5 U.S.C. § 704.  "[F]inality is . . . a jurisdictional requirement."  Ukiah Valley Med. Ctr. v. FTC, 911 F.2d 261, 264 n.1 (9th Cir. 1990); City of San Diego v. Whitman, 242 F.3d 1097 (9th Cir. 2001).  Two conditions must be satisfied for agency action to be "final."  Bennett v. Spear, 520 U.S. 154, 177-78 (1997).  "First, the action must mark the 'consummation' of the agency's decision-making process – it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"  Id. (internal citations omitted).

Defendants do not dispute plaintiff's contention that he has no remedy available at law except for his APA claim.

The essence of plaintiff's APA claim is a contention that defendants have failed to direct TCF to use unexpended funds on alternative compensatory mitigation.  Defendants argue that plaintiff's "challenge addresses the Corps' ongoing oversight of TCF's in-lieu fee program, not any particular final agency action."[12]  Defendants argue that plaintiff's second amended complaint fails to challenge agency action that consummates a decision-making process or one which establishes rights or obligations of anyone, or from which legal consequences will flow.  Significantly, plaintiff's discussion of "the Final Rule"

---

[11]Order re Motions to Dismiss and Other Pending Motions at 14, Docket No. 93 in Walther v.  United States, Case No. 3:15-cv-0021-HRH.

[12]Motion to Dismiss Second Amended Complaint, page 37 of 40, Docket No. 15.

concludes with the allegation "[i]nstead, the Corps stated that it will either authorize or direct TCF to disburse a portion of its Unexpended Funds on the preservation of the Non-threatened Land."[13]  Plaintiff's focus is upon action which he believes defendants should take in the future, not a final agency decision.

The court takes plaintiff to have conceded defendants' APA argument because plaintiff has failed to respond to this argument.

Finally, defendants' motion to dismiss addresses plaintiff's contention that the Corps has given preferential treatment to TCF.[14]  Plaintiff's preferential treatment contention is based upon the Standards of Ethical Conduct for Employees of the Executive Branch, 5 C.F.R. § 2635.101(b)(8).  Those ethics standards regulations provide that, "[a] violation of this part or of supplemental agency regulations, as such, does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person." 5 C.F.R. § 2635.106(c).  Inasmuch as the ethics standards create no enforceable right, plaintiff's preferential treatment claim fails.

Plaintiff has not requested, and in any event the court would not grant leave to amend plaintiff's second amended complaint.  Any attempt to amend plaintiff's citizen suit or his ethics complaint would be futile for lack of subject matter jurisdiction as to either of those matters.  As to plaintiff's APA claim, plaintiff has already amended once since that claim was originally made, and the court doubts that plaintiff could ever state a cause of action based upon the failure of the Corps to make the kind of discretionary decision that plaintiff seeks with respect to the operation of TCF.

---

[13]Second Amended Complaint, page 12 of 16, ¶ 73, Docket No. 13.

[14]Id., page 13-14 of 16.

## Conclusion

Defendants' motion to dismiss is granted. The clerk of court shall enter judgment dismissing plaintiff's second amended complaint with prejudice.

DATED at Anchorage, Alaska, this  4th  day of August, 2015.


/s/ H. Russel Holland
United States District Judge